# ATTACHMENT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET ZIEBARTH,

      Plaintiff,

v.                                  CASE NO. 6:15-CV-1060-Orl-22TBS

EVERGREEN LIFESTYLE
MANAGEMENT, LLC,

      Defendant.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made by and between JANET ZIEBARTH ("Ziebarth"), and EVERGREEN LIFESTYLE MANAGEMENT, LLC and HAMPTON GOLF, INC. ("Defendants") (collectively, "the Parties").

WHEREAS, Ziebarth has asserted or threatened to assert claims against Defendants in the above-referenced lawsuit; and

WHEREAS, Defendants deny liability herein and any wrongdoing with respect to Ziebarth; and

WHEREAS, Ziebarth and Defendants wish to resolve their disputes and settle and resolve all controversies between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-referenced matters are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **GENERAL RELEASE OF CLAIMS**.

    a.    This Agreement shall constitute a waiver and release of all claims Ziebarth might have under federal, state or local law (including, but not limited to, actions for compensatory

ATTACHMENT A

damages, pain, suffering or emotional distress) against: EVERGREEN LIFESTYLE MANAGEMENT, LLC and HAMPTON GOLF, INC., together with their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers or attorneys (collectively, "**Releasees**").

    b. Ziebarth shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that she has filed against any of the Defendants. Specifically, upon Execution of this Agreement, the Parties shall file a mutually agreed upon *Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law* with the Court in Case No. 6:15-cv-1060-Orl-22TBS.

    c. Ziebarth hereby knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Ziebarth has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with Ziebarth's employment with Defendants. Such claims released by Ziebarth under this General Release include, but are not limited to, any claim that has been, could have been or could be alleged against Releasees under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §448.101 et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. §112.3187 et seq.;
- Florida's Statutory Provision Regarding Retaliation /Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;

- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;
- Florida OSHA - Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

   d. If any claim is not subject to release, to the extent permitted by law, Ziebarth waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

   3. **CONSIDERATION**

   a. If (1) Ziebarth delivers to Defendants' counsel an executed original of this Agreement and W-9 Forms executed by Ziebarth and Ziebarth's attorney and a W-4 Form executed by Ziebarth; and (2) the revocation period described in paragraph 7 below expires and Ziebarth does not revoke her acceptance of this Agreement; and (3) the Court approves this settlement and enters an order dismissing the above-referenced case with prejudice, then, in consideration of the matters set forth herein; Defendants shall pay to Ziebarth the total sum of <u>Sixty Thousand Dollars and Zero Cents</u> ($60,000.00) (hereinafter the "Settlement Sum"). Such Settlement Sum shall be delivered to Ziebarth's counsel within seven (7) days of the Court's approval of this settlement and dismissal of this lawsuit, allocated as follows:

- $25,000.00, made payable to Janet Ziebarth, as and for wages allegedly due her, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to Janet Ziebarth;

- $25,000.00, made payable to Janet Ziebarth, as and for liquidated damages, which amount shall *not* be subject to deductions or withholding, for which an IRS Form 1099 shall issue to Janet Ziebarth;

- $1,000.00, made payable to Janet Ziebarth, as and for consideration for the general release contained herein, which amount shall not be subject to deductions or withholding, for which an IRS Form 1099 shall issue to Janet Ziebarth; and

- $9,000.00, made payable to the law firm of Wilson McCoy, P.A., as attorneys' fees and costs, for which an IRS Form 1099 shall issue to Wilson McCoy, P.A.

Ziebarth understands and acknowledges that she would not receive the payments specified in this paragraph, except for Ziebarth's execution of this Agreement, including the General Release contained herein, and her fulfillment of the promises contained herein.

b. Defendants make no representation as to the taxability of the amounts to be paid to Ziebarth or her attorney. Ziebarth agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Ziebarth agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed them by any governmental agency as a result of the non-payment of taxes on the amounts paid to Ziebarth in the form of a 1099 under the terms of this Agreement.

c. The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Ziebarth has declared that none of her claims involve any illness, injury, incident, or accident in which medical expenses were incurred.

4. **RETURN OF PROPERTY**. Ziebarth represents that, as of the date of this Agreement, she has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in her possession belonging to Defendants.

5. **AFFIRMATIONS**.

a. Ziebarth affirms that she has not filed, nor caused to be filed, nor is presently a party to any claim, complaint, or action against any of the Releasees in any forum or form, except: U.S. District Court for the Middle District of Florida, Orlando Division, Case Number 6:15-cv-1060.

b. Ziebarth affirms that she has reported all hours worked as of the date of this Agreement and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement and General Release. Ziebarth further affirms that she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act or related state or local leave or disability accommodation laws, and she has not been retaliated against for taking/requesting any such leave.

c. The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Ziebarth agrees that if such an administrative claim is made, she shall not be entitled to recover any individual monetary relief or other individual remedies.

        d.      Ziebarth acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Defendants, she is not qualified to hold any position with Defendants now or in the future and, therefore, she shall not apply in the future for employment with Defendants. This is a negotiated, non-retaliatory settlement term.

        6.      **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability, unlawful conduct of any kind, or violation of any of the laws identified in paragraph 2.c. herein.

        7.      **REVOCATION.** Ziebarth acknowledges and understands that she may revoke this Agreement for a period of seven (7) calendar days from the day she executes this Agreement. Any revocation within this period must be submitted in writing to Defendants' counsel, Kristyne E. Kennedy, Esq. at Cole, Scott and Kissane, P.A., 1900 Summit Tower Blvd., Suite 400, Orlando, Florida, 32810, and state, "I hereby revoke my acceptance of our Settlement Agreement and General Release." The revocation must be personally delivered to Ms. Kennedy or her designee, or mailed to Ms. Kennedy and postmarked within seven (7) calendar days of execution of this Agreement. This Agreement shall not become effective or enforceable before the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the state in which Ziebarth was employed at the time of her last day of employment, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday

        8.      **OPPORTUNITY TO REVIEW**. Ziebarth acknowledges that she is aware that she has up to twenty-one (21) calendar days to consider this Agreement and, by executing this Agreement, she is giving up all claims either may have against Releasees. Ziebarth acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Ziebarth acknowledges that she has consulted with her counsel-of-record, Karina Xart, Esquire, with Wilson McCoy, P.A., prior to executing this Agreement. Ziebarth acknowledges she enters into this Agreement voluntarily.

        9.      **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. However, if any portion of the general release language is ruled to be unenforceable for any reason, Ziebarth shall return the Settlement Sum paid hereunder by Defendants to the payor.

        10.      **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the Circuit Court of Orange County, Florida. In the event that a party commences an action for damages, injunctive relief or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

11.  **ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between the Parties and supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties, except any valid non-compete, non-disclosure, confidentiality or other restrictive covenant agreements, which remain in full force and effect.

12.  **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

ZIEBARTH IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.

ZIEBARTH MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY ZIEBARTH SIGNS THIS AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO KRISTYNE E. KENNEDY, ESQ. AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR SETTLEMENT AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO KRISTYNE E. KENNEDY OR HER DESIGNEE, OR MAILED TO KRISTYNE E. KENNEDY AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER ZIEBARTH SIGNS THIS AGREEMENT AND GENERAL RELEASE.

ZIEBARTH AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, JANET ZIEBARTH FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES. ZIEBARTH ACKNOWLEDGES THAT SHE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HER IN CONNECTION WITH HER DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS AGREEMENT.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR

REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WILLINGLY.

Dated: 4/21/16

_____
JANET ZIEBARTH

STATE OF FLORIDA )

COUNTY OF Orange )

SWORN TO AND SUBSCRIBED before me this 21st day of April, 2016 by JANET ZIEBARTH, who is personally known to me or has produced Fl. Driv. Lic. as identification.

MICHAEL J. AUGELLO
Notary Public - State of Florida
My Comm. Expires Jul 14, 2018
Commission # FF 140434
Bonded Through National Notary Assn.

_____
Notary Public

- 7 -