UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET ZIEBARTH,

    Plaintiff,

v.                                Case No:   6:15-cv-1060-Orl-22TBS

EVERGREEN LIFESTYLE
MANAGEMENT, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 27).  The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.  I have examined the motion and the settlement agreement (Docs. 27 and 27-1), and for the reasons set forth herein, I respectfully recommend that the motion be **granted**.

### Background

On June 29, 2015, Plaintiff Janet Ziebarth sued former employer Defendant Evergreen Lifestyle Management, LLC for unpaid overtime compensation under the FLSA, pursuant to 29 U.S.C. § 216(b) (Doc.1). She also sued Defendant for retaliation under section 215(a)(3) of the FLSA (Id. at ¶¶ 107-114).  Defendant is a "full-service lifestyle property management company which provides, among other things, assessment and dues collection to amenity management and from vendor bidding to community maintenance" (Id. at ¶ 12).  Defendant was retained by and serviced the homeowner's associations for the Victoria Park communities located in Deland, Florida, including Victoria Gardens Homeowners Association, Inc., which is the location where Plaintiff

worked from March 26, 2013 to July 25, 2014 as an Administrative Coordinator (Id. at ¶¶ 13-85). Plaintiff alleges that Defendant knowing and willfully misclassified her administrative position as exempt from the overtime provisions of the FLSA (Id. ¶ 87). Defendant admits it employed Plaintiff, denies her other allegations, and maintains that Plaintiff is not entitled to overtime compensation for any hours worked over 40 hours per week because she was an exempt employee (Id. ¶ 104). On April 21, 2016, the parties advised the Court that they had reached an agreement to resolve this dispute (Doc. 27).

## Legal Standard

In the Eleventh Circuit, an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food, 679 F.2d at 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court approves the settlement. Lynn's Food, 679 F.2d at 1353.

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

## Discussion

### A. Settlement Sum

In her answers to the Court's interrogatories, Plaintiff asserted her entitlement to $43,800 in compensatory damages, plus liquidated damages (Doc. 14). She has agreed to settle her claim for a total of $60,000, to be disbursed as follows: $25,000 representing unpaid wages, $25,000 representing liquidated damages, $1,000 as consideration for a general release, and $9,000 for attorney's fees and costs (Doc. 27-1 at 4-5). The parties agree that they have a bona fide dispute and that they are resolving this matter through settlement in order to avoid the cost and time of litigating the issues and the risks associated with protracted, expensive, and uncertain litigation (Doc. 27 ¶ 9). I find no evidence in the record of fraud or collusion in the making of the settlement or the amount. Nothing in the record causes me to believe the settlement amount was not negotiated at arm's length and in good faith. Accordingly, I respectfully recommend that the district court find the proposed settlement sum is reasonable.

### B. General Release

The settlement agreement includes a general release of Defendants by Plaintiff (Doc. 27-1 at 2). General releases in FLSA cases are frequently viewed as "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at 1351-52. Therefore, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." Id. at 1352. But, a settlement agreement that provides a plaintiff with independent, valuable consideration in exchange for a general release may be accepted by the Court. See Kingsley v.

Noonan, No. 6:12-cv-500, 2012 WL 3151572, at 1-2 (M.D. Fla. Aug. 2, 2012); see also Pavlosky v. Winghouse XI, LLC, Case No. 6:12-cv-1711, 2014 U.S. Dist. LEXIS 56436, at *4-5 (M.D. Fla. April 22, 2014).  As this Court explained in Capers v. Noah's Ark Repair Serv., Inc.,

> [A]n FLSA settlement that contains a pervasive release or which restricts a Plaintiff's First Amendment rights will typically not survive judicial scrutiny.  But, in this circumstance both the release and non-disparagement clause are mutual, and thus also confer a benefit upon Plaintiff.  Accordingly, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer," and is a fair compromise.

No. 6:11-cv-457-Orl-28TBS, 2013 WL 3153974, at * (M.D. Fla. June 19, 2013) (internal citations omitted).  Defendants have agreed to pay Plaintiff an additional $1,000 in exchange for the general release (Doc. 27-1 at 4).  Because the release is supported by meaningful consideration that is separate and apart from the settlement sum, I respectfully recommend that the district court find that it does not preclude approval of the settlement.

### C. Attorney's Fees

The parties represent that the $9,000 in attorney's fees and costs to be paid to Plaintiff's counsel was negotiated separately from Plaintiff's recovery, and without regard to the amount of the settlement sum (Id. at 5; Doc. 27 at ¶6).  This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel.  See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **grant** the parties' Joint Motion for Approval of FLSA Settlement (Doc. 27).

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 26, 2016.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record